# United States Court of Appeals
# for the Fifth Circuit

---

No. 19-60762
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2020

Lyle W. Cayce
Clerk

---

IN THE MATTER OF: ALLEN E. CROSTHWAIT,

*Debtor*,

DAVID E. BAIRD,

*Appellant*,

*versus*

ALLEN E. CROSTHWAIT,

*Appellee*.

---

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:18-CV-225

---

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-60762

Plaintiff-Appellant David Baird appeals the district court's order affirming: (1) the bankruptcy court's judgment refusing to award him certain enhanced statutory damages for Defendant-Appellee Allen Crosthwait's acts of timber trespass, and (2) the bankruptcy court's order denying his request to lift the bankruptcy stay.  Concluding that the district court did not err in affirming the bankruptcy court, we AFFIRM.

## I.     Background

In 2005, Crosthwait filed a petition for Chapter 11 bankruptcy, which resulted in imposition of an automatic bankruptcy stay. In 2015, during the pendency of the bankruptcy proceeding, Baird filed a complaint against Crosthwait to quiet title and recover damages for timber trespass in state court, which was removed to bankruptcy court. Baird's suit alleged that Crosthwait's agent cut timber from Baird's land without Baird's permission. Pursuant to Mississippi Code § 95-5-10(1), the bankruptcy court awarded Baird $112,262.79 in statutory damages plus fees and expenses for the timber that Crosthwait cut. However, the bankruptcy court concluded that Baird was not entitled to enhanced damages under Mississippi Code § 95-5-10(2) because Crosthwait did not act willfully or with reckless disregard for Baird's rights in cutting Baird's timber. The bankruptcy court also declined to lift the bankruptcy stay to allow Baird to collect on the money judgment it issued. Baird appealed the bankruptcy court's orders to the district court.

The district court reviewed the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. However, the district court noted that its application of the standards of review was severely limited because Baird did not file the trial transcript into the record for the court to review. The district court concluded that the lack of trial transcript rendered Baird unable to demonstrate that the bankruptcy court's findings of fact "were erroneous,  much less 'clearly' in error." Moreover, the district court

2

determined that the bankruptcy court correctly applied the legal standard laid out in § 95-5-10(2) in its denial of Baird's claim for enhanced statutory damages and that Baird "failed to present sufficient arguments or proof on appeal to warrant a reversal of [the bankruptcy court]'s order refusing to lift the [bankruptcy] stay." Accordingly, the district court affirmed the bankruptcy court's rulings.

On appeal to this Court, Baird argues that: (1) he is entitled to additional damages under § 95-5-10(2) because the bankruptcy court clearly erred in refusing to find that Crosthwait acted "willful[ly] or at least in reckless disregard for [Baird's] rights" in cutting down Baird's timber; and (2) the bankruptcy court erred in denying his request to lift the stay so that Baird can collect the $112,262.79 judgment against Crosthwait.

## II.    Discussion

This Court reviews "the decision of a district court sitting as an appellate court in a bankruptcy case by applying the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court."[1] "Acting as a 'second review court,'" this Court reviews a bankruptcy court's legal conclusions *de novo* and its findings of fact for clear error.[2] "If [an] appellant intends to urge on appeal that a finding . . . is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding."[3]

---

[1] *Viegelahn v. Lopez (In re Lopez)*, 897 F.3d 663, 668 (5th Cir. 2018) (citations omitted).

[2] *Id.* (citations omitted).

[3] Fed. R. App. P. 10(2).

No. 19-60762

## A. Enhanced Damages Under § 95-5-10(2)

Mississippi law provides for enhanced damages for cutting timber on another's property without the consent of the owner "[i]f the cutting down, deadening, destruction or taking away of a tree" is "done willfully, or in reckless disregard for the rights of the owner of such tree."[4]

In this case, the district court concluded that the bankruptcy court correctly applied this legal standard, as the bankruptcy court concluded that "the Defendant did not willfully or recklessly cut the Plaintiff's timber; thus, the Plaintiff is not entitled to enhanced damages under § 95-5-10(2)." The bankruptcy court specifically found that Crosthwait did not act willfully in cutting down Baird's trees because Crosthwait "believed that he was having his own trees cut and had no knowledge that the property line had been crossed." The bankruptcy court also found that Crosthwait "did not cut the timber with reckless disregard for [Baird]'s rights" because Crosthwait had intended for his agent to only cut his own trees. Because there was no trial transcript in the record, the district court determined that Baird was unable to demonstrate any "clear error" in the bankruptcy court's findings of fact that would support a reversal of the bankruptcy court's conclusion on this issue.

On appeal, Baird argues that "Crosthwait deprived Baird of his property valued in thousands of dollars" which "was the sort of conduct the statute was designed to prohibit." He repeatedly refers to aerial pictures of the land in question to support his argument that it would be "unreasonable to conclude that [Crosthwait] acted without intent, and without reckless disregard." However, the bare photographs without explanation from trial testimony are not helpful to Baird. He then attempts to rely on additional

---

[4] Miss. Code. Ann. § 95-5-10(2).

facts about alleged telephone conversations that we cannot verify without the trial transcript.

We agree with the district court that the bankruptcy court applied the correct legal standard in concluding that Crosthwait's actions demonstrated a lack of willfulness or reckless disregard for Baird's rights. We also agree with the district court that because there is no trial transcript to consider, Baird is unable to demonstrate that the bankruptcy court's findings of fact "were erroneous,  much less 'clearly' in error." The bankruptcy court and district court therefore did not err in concluding that Baird is not entitled to enhanced damages under  § 95-5-10(2).

### B. Bankruptcy Stay

"The bankruptcy court's denial of a motion for modification of a stay is reviewed for abuse of discretion."[5]

We agree with the district court that Baird "offers this Court no authority suggesting that it is authorized to disregard bankruptcy law and to reverse [the bankruptcy court]'s order refusing to lift the stay." Baird fails to make any credible argument how the bankruptcy court and district court erred in denying his request to lift the stay.

Accordingly, we AFFIRM the judgment of the district court affirming the bankruptcy court.

---

[5] *In re Mirant Corp.*, 440 F.3d 238, 245 (5th Cir. 2006).